U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 1 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HOSIE TUCKER, III,                    §
                                      §
          Movant,                     §
                                      §
VS.                                   §   NO. 4:14-CV-591-A
                                      §   (NO. 4:12-CR-161-A)
UNITED STATES OF AMERICA,             §
                                      §
          Respondent.                 §

## MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration and decision is the
motion filed July 28, 2014, by movant, Hosie Tucker, III, under
28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a
person in federal custody.  After having considered such motion,
the government's response thereto, the papers in Case No. 4:12-
CR-161-A, and pertinent legal authorities, the court has
concluded that such motion is without merit, and should be
denied.

### I.

### Background

Pertinent parts of the history of movant's criminal case are
as follows:

On July 18, 2012, an indictment was filed charging movant
with conspiracy to distribute and possess with intent to

distribute methamphetamine, a controlled substance, in violation
of 21 U.S.C. § 846.  James Bruce Harris ("Harris") was providing
trial court representation to movant pursuant to a Criminal
Justice Act ("CJA") appointment that had been made in June 2012
when movant appeared before the magistrate judge after his arrest
pursuant to a warrant issued on the basis of a complaint that had
been filed on June 20, 2012.

On August 16, 2012, movant, acting through Harris, filed a
motion to suppress, with supporting memorandum, asking the court
to suppress use by the government of movant's cell phone and
information it obtained from the cell phone, which was acquired
by law enforcement officials when movant was detained and
searched in June 2012 by law enforcement officials.  Movant
alleged that the law enforcement officials did not have a warrant
to seize or search his cell phone, and that the seizure and
search violated his Fourth Amendment rights.  The government
responded to movant's motion to suppress by contending that the
seizure and search were appropriate because they were a part of a
search incident to movant's arrest, citing as supporting
authority United States v. Curtis, 635 F.3d 704, 712 (5th Cir.
2011).  On September 5, 2012, the court issued its order denying
the motion to suppress, finding that at the pertinent time movant
was under arrest, and concluding that the seizure by officers of

2

his cell phone and the retrieval of information from the movant's cell phone were not a violation of his Fourth Amendment rights.

In late September arrangements were made for movant to enter a plea of guilty to the offense charged by the indictment, but he chose not to enter such a plea. On September 28, 2012, the government filed a penalty information pursuant to 21 U.S.C. § 851, thus enhancing the prospect that movant would receive a longer sentence of imprisonment. On October 2, 2012, a superseding indictment was filed, significantly increasing movant's sentencing exposure.

On October 5, 2012, movant entered an unconditional plea of guilty to the offense charged by the indictment. On that same date the government moved for, and obtained, dismissal of the superseding indictment, and moved for, and obtained, withdrawal of the penalty information. His sentencing was conducted on February 1, 2013, when he was sentenced to serve a term of imprisonment of 210 months, to be followed by a term of supervised release of three years, and to pay a special assessment of $100.00.

Movant appealed to the Fifth Circuit, and a new attorney, J. Matthew Wright, ("Wright") was substituted for Harris to serve as movant's CJA attorney on appeal. On June 17, 2014, the Fifth Circuit filed its opinion and judgment dismissing movant's appeal

3

as frivolous.  Wright had moved to withdraw and had filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and United States v. Flores, 632 F.3d 229 (5th Cir. 2011).  The Fifth Circuit concurred with Wright's assessment that the appeal presented no non-frivolous issue for appellate review.

Movant filed his motion under 28 U.S.C. § 2255 on July 28, 2014.

## II.

### Ground of the § 2255 Motion

In his motion, movant described his sole ground as "Ineffective Assistance of Counsel/Misapplication of the law/Application of Intervening Change in the law."  Mot. at 5. He stated in this motion that the supporting facts were "Cell phone was Searched in violation of the Law and Conviction was based on this illegal Search and Seizure."  Id.

Movant placed reliance in his supporting memorandum[1] on the June 25, 2014 decision of the Supreme Court in Riley v. California, 134 S. Ct. 2473 (2014), that the search of a defendant's cell phone is unlawful without a warrant "even when a cell phone is seized incident to arrest."  Mem. in Supp. of Mot. at 4.  Movant concluded his memorandum with the assertions that

---

[1]Movant's motion was filed by use of the standard printed form.  Attached to the motion was a supporting memorandum, which was incorrectly titled as a motion.

4

he was convicted on the basis of unconstitutionally obtained
evidence, that his counsel was ineffective for failing to procure
a conditional plea, and that the court erred in denying his
motion to suppress.

III.

Analysis

A.   Standards to be Applied

   1.   Principles Applicable to Motion Under § 2255

   After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted. United States v. Frady, 456 U.S.
152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant
can challenge her conviction or sentence after it is presumed
final on issues of constitutional or jurisdictional magnitude
only, and may not raise an issue for the first time on collateral
review without showing both "cause" for her procedural default
and "actual prejudice" resulting from the errors.  Shaid, 937
F.2d at 232.

   Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete

5

miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2. <u>Standards Pertinent to Ineffective Assistance of Counsel Claim</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable,"

6

Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant

must prove that counsel's errors "so undermined the proper

functioning of the adversarial process that the trial cannot be

relied on as having produced a just result." Cullen v.

Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466

U.S. at 686). Judicial scrutiny of this type of claim must be

highly deferential and the defendant must overcome a strong

presumption that his counsel's conduct falls within the wide

range of reasonable professional assistance. Strickland, 466

U.S. at 689.

B.   Reasons Why the § 2255 Motion Lacks Merit

By entering an unconditional guilty plea, movant waived all

non-jurisdictional defects in his criminal proceedings. United

States v. Sealed Appellant, 526 F.3d 241, 242 (5th Cir. 2008)

(quoting United States v. Bell, 966 F.2d 914, 915 (5th Cir.

1992)). The Fifth Circuit has held that that such a waiver

applies to denials of motions to suppress. Id. at 242-43 (citing

United States v. Stevens, 487 F.3d 232, 238 (5th Cir. 2007)) and

United States v. Wise, 179 F.3d 184, 186-87 (5th Cir. 1999).

Movant fares no better on his ineffective assistance of

counsel claim. In United States v. Fields, the Fifth Circuit

explained that, although counsel must be aware of prior

controlling precedents, "there is no general duty on the part of

7

defense counsel to anticipate changes in the law."   565 F.3d 290, 294 (5th Cir. 2009).   In <u>Fields</u>, the Fifth Circuit reiterated that "counsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected."   <u>Id.</u>[2]

Not only has movant failed to provide the court any information that would form the basis for overcoming the strong presumption that his counsel's conduct was within the wide range of reasonable professional assistance,[3] movant has provided the court no information from which the court could infer that the government or the court would have approved the entry by movant of a plea of guilty on the condition that movant be permitted, even though he had pleaded guilty, to complain on appeal of the court's suppression ruling.[4]

---

[2]When movant entered his plea of guilty, the law of the Fifth Circuit, as well as that of at least three other circuits, was that cell phone seizures and searches were constitutionally permitted incident to an arrest.  <u>See</u> United States v. Curtis, 635 F.3d 704, 712 (5th Cir. 2011).

[3]Movant gained by entering his plea of guilty because by doing so he avoided the mandatory minimum penalties that would have flowed from a superseding indictment that had been filed, but was dismissed the same day movant pleaded guilty, and the effect of a 21 U.S.C. § 851 penalty information, which the court authorized to be withdrawn on the same date.

[4]Rule 11(a)(2) of the Federal Rules of Criminal Procedure authorizes a defendant to enter a conditional plea of guilty, reserving the right to have an appellate court review of an adverse determination of a specified pretrial motion, only if the court and the government consent to the entry of such a plea.

For the reasons given above, the court concludes that the ground of movant's § 2255 motion lacks merit, and that the relief he sought by his motion should be denied.

IV.

Order

Therefore,

The court ORDERS that all relief movant sought by his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 1, 2014.

JOHN McBRYDE
United States District Judge

9